Thomas G. WILSON *v.* STATE of Arkansas

CR 86-132                                                720 S.W.2d 292

Supreme Court of Arkansas
Opinion delivered December 1, 1986

*Gibson Law Office*, by: *Charles S. Gibson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was tried upon three separate counts involving controlled substances. Two counts alleged that Wilson obtained specified controlled substances by subterfuge, a Class C felony. The jury acquitted Wilson of both those charges. The third count charged Wilson with a misdemeanor, that he knowingly and intentionally possessed a controlled substance, Talwin, in violation of Ark. Stat. Ann. § 82-2617(c) (Supp. 1985). Upon that count the jury found Wilson guilty and imposed a $900 fine. His appeal was lodged in this court as presenting a question about the statute of limitations, but we do not reach that issue.

Wilson was the administrator of a hospital at Lake Village. The State proved that on February 10, 1983, a physician authorized a nurse at the hospital to administer Talwin to the appellant, by injection. It is conceded that the prescription for the drug was valid. The prosecution's evidence was that Wilson, instead of receiving the injection himself, persuaded the nurse to allow him to take the syringe containing the Talwin to his home, where he intended to deliver the syringe to his wife.

The appellant moved for a directed verdict on the ground that he did not unlawfully possess the drug because he obtained it pursuant to a valid prescription. The language of the statute on which the charge is founded clearly supports the appellant's argument. The pertinent words are as follows:

> (c) It is unlawful for any person to possess a controlled substance . . . unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice . . . . [§ 82-2617(c).]

■ The statute simply provides that possession of a controlled substance is unlawful unless the substance was obtained pursuant to a valid prescription. Wilson obtained the Talwin pursuant to a prescription; so his possession was lawful. The State admits that, but argues that the possession became unlawful when Wilson failed to use the prescription as directed; that is, to obtain an injection from the nurse. Hence, it is argued, we must look not only to the substance prescribed but also to the prescribed use of that substance. The State's argument concludes: "If this court ignores the issue of prescribed use and holds for Wilson, prescriptions for controlled substances will become . . . peddler's licenses for patients willing to sell their prescribed substances on the street." Not so. Under subsection (a) of the same section it is made a felony for any person to possess a controlled substance with intent to deliver. For the commission of that felony it is immaterial whether the possession is lawful or unlawful, provided the intent to deliver exists. The present charge was merely that Wilson unlawfully possessed the drug, not that he intended to deliver it. His possession pursuant to a prescription was lawful. The motion for a directed verdict should have been granted.

Reversed and dismissed.